```
 1              IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
 2                    WESTERN DIVISION

 3    UNITED STATES OF AMERICA,

 4                    Plaintiff,

 5      v.                               No. 4:09CR00049-1 SWW

 6    LDONPATRICK BONES,                 September 15, 2010
                                         Little Rock, Arkansas
 7                    Defendant.         11:06 a.m.

 8

 9           TRANSCRIPT OF CHANGE OF PLEA HEARING
            BEFORE THE HONORABLE SUSAN WEBBER WRIGHT,
10               UNITED STATES DISTRICT JUDGE

11

12    APPEARANCES:

13    On Behalf of the Government:

14       MR. MICHAEL GORDON, Assistant U.S. Attorney
            United States Attorney's Office
15          425 West Capitol Avenue, Suite 500
            Post Office Box 1229
16          Little Rock, Arkansas  72203-1229

17    On Behalf of the Defendant:

18       MR. RUFUS T. BUIE, Attorney at Law
            Boyd & Buie
19          308 Court Square
            DeWitt, Arkansas  72042
20

21

22

23       Proceedings reported by machine stenography and displayed

24    in realtime; transcript prepared utilizing computer-aided

25    transcription.
```

Cheryl Bartnett Nelson, RPR, CRR, CCR
United States Court Reporter

P R O C E E D I N G S

1
2      (Proceedings commencing in open court at 11:06 a.m.)
3          THE COURT:  Good morning.  This is a hearing in United
4      States v Ldonpatrick Bones.  He is represented -- he is here,
5      and he is represented by Mr. Rufus Thomas Buie, III.  And the
6      United States is represented by Mr. Mike Gordon.
7          I would like for Mr. Bones to come forward with Mr. Buie,
8      and the clerk will swear Mr. Bones.
9              **LDONPATRICK BONES, DEFENDANT, DULY SWORN**
10         THE COURT:  Mr. Bones, are you under the influence of
11     any drugs or medicine today?
12             THE DEFENDANT:  No, ma'am.
13             THE COURT:  Mr. Buie, are you confident that he is
14     competent to proceed?
15             MR. BUIE:  Yes, Your Honor.
16             THE COURT:  I find that Mr. Bones is competent to
17     proceed, and so we will proceed.
18         Mr. Bones, do you understand that you need to answer -- you
19     are under oath and you need to answer my questions truthfully or
20     you can later be prosecuted for perjury or making a false
21     statement?
22             THE DEFENDANT:  Yes, ma'am.
23             THE COURT:  Would you please state your full name?
24             THE DEFENDANT:  Ldonpatrick West Bones.
25             THE COURT:  Ldonpatrick West Bones.

1          Okay.  And how old are you?

2               THE DEFENDANT:  29.

3               THE COURT:  How much schooling do you have?

4               THE DEFENDANT:  One year of college.

5               THE COURT:  All right.  Have you received a copy of the

6    indictment that's pending against you?

7               THE DEFENDANT:  Yes, ma'am.

8               THE COURT:  Have you fully discussed this case with

9    Mr. Buie?

10               THE DEFENDANT:  Yes, ma'am.

11               THE COURT:  And are you satisfied with Mr. Buie's

12   advice?

13               THE DEFENDANT:  Yes, ma'am.

14               THE COURT:  I know there has been a plea agreement, and

15   I will ask Mr. Gordon to summarize its terms.  Mr. Bones, please

16   listen carefully.

17               MR. GORDON:  Your Honor, in exchange for the defendant

18   pleading guilty to Count 2 of the indictment and also agreeing

19   to forfeit any interest he has in the firearm and ammunition

20   listed in Forfeiture Allegation 1, the United States will agree

21   to dismiss the remaining charges against the defendant in the

22   indictment.

23          Parties stipulate that the quantity of drugs actually

24   involved in this case is 5.79 grams of cocaine base.  Relevant

25   conduct includes 46.78 grams of cocaine hydrochloride and

1    3,861.2 grams of marijuana.  When all those drugs are converted

2    to marijuana, the 129 kilograms of marijuana, a base offense

3    level of 26.  However, the offense level shall be reduced by two

4    levels because cocaine base and another controlled substance

5    were involved; therefore, the base offense level is actually 24.

6         The parties agree and stipulate that the offense level

7    shall be increased by two points because a firearm was possessed

8    during the commission of the offense.

9         Mr. Bones shall receive a two-point reduction for

10   acceptance of responsibility unless he takes any action between

11   now and the imposition of sentence that is inconsistent with

12   acceptance of responsibility.  He will be eligible for a third

13   point at sentencing.

14        Neither party will seek an increase or decrease for role,

15   and neither party will seek any additional offense of increases

16   or decreases under Section 2D1.1 or Chapter 3 of the guidelines

17   except for those identified in the plea agreement.  Parties

18   agree nothing in the plea agreement shall prevent the

19   defendant's offense level and criminal history from being

20   calculated and applied according to the career offender

21   provisions of the sentencing guidelines, and the United States

22   agrees to waive increased punishment under Title 21 United

23   States Code Section 851.  And that's the summary, Your Honor.

24        THE COURT:  Mr. Bones, you have heard what Mr. Gordon

25   has said about this plea agreement.  Is what he stated correct?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  And is there anything else that you have

3     been promised in exchange for pleading guilty that you have not

4     told me about?

5          THE DEFENDANT:  No, ma'am.

6          THE COURT:  Or that he has not mentioned?

7          THE DEFENDANT:  No, ma'am.

8          THE COURT:  And is anyone trying to force you to plead

9     guilty?

10          THE DEFENDANT:  No, ma'am.

11          THE COURT:  Do you understand that the offense to which

12     you are -- for which you are pleading is a felony?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  And in fact it's a rather serious one.  Do

15     you understand that?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  And do you understand that if the Court

18     accepts your guilty plea, you will be adjudged guilty just as if

19     you had been found guilty by a jury?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you understand that this adjudication

22     may deprive you of valuable civil rights such as the right to

23     vote, the right to hold public office, the right to serve on a

24     jury, and the right to possess any kind of firearm?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Do you understand that you have a right to

2    plead not guilty?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  And if do you that, the government must

5    prove beyond a reasonable doubt that you committed the offenses

6    charged in the indictment?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  And you would have the right to an attorney

9    and to a trial by a jury?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  And you would have the right to

12    cross-examine witnesses against you and to call witnesses in

13    your own behalf?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  And you would not be required to testify

16    against yourself?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  Do you understand that if the Court accepts

19    your guilty plea, there will be no trial because you will be

20    waiving or giving up your right to a trial?

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  And do you understand that you will also be

23    waiving other rights I just described?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Now, according to the material before me,

1    Count 2 charges you with possession with intent to distribute

2    cocaine base.  The penalty for this quantity is no fewer than 5

3    years' incarceration and no more than 40 years' incarceration.

4    Do you understand that?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  Do you also understand that the Court could

7    also fine you up to $2 million?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  And in other words, the Court could not

10   only sentence you to prison, but also fine you.  Do you

11   understand that?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  Do you also understand that your sentence

14   will also include a term of supervised release following

15   imprisonment, and this would be at least four years of

16   supervised release after you got out of prison?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  And do you understand that if you violate

19   the terms of your supervised release, the Court could revoke

20   your supervised release and sentence you to serve more time in

21   prison?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  And if that happens, your total term of

24   imprisonment, either alone or in conjunction with the supervised

25   release, could exceed the statutory maximum of four years.

1    That's theoretically possible.  Do you understand that?

2             THE DEFENDANT:  Yes, ma'am.

3             THE COURT:  Do you also understand that you must pay a

4    $100 special assessment for each count of conviction?

5             THE DEFENDANT:  Yes, ma'am.

6             THE COURT:  And you don't have to pay the $100 for the

7    forfeiture.  And I know you are agreeing not to contest the

8    forfeiture allegation, No. 1, but there is no $100 for that.  Do

9    you understand that you are agreeing to forfeiture as stated in

10   Forfeiture Allegation No. 1 for a .40-caliber handgun and

11   ammunition?

12            THE DEFENDANT:  Yes, ma'am.

13            THE COURT:  Do you understand all the possible

14   consequences of this guilty plea as I just described it?

15            THE DEFENDANT:  Yes, ma'am.

16            THE COURT:  Now, the Sentencing Reform Act of 1984

17   controls in this case, and that means your guidelines that the

18   Judge has to consider before imposing a sentence.  Do you

19   understand that?

20            THE DEFENDANT:  Yes, ma'am.

21            THE COURT:  And do you understand that notwithstanding

22   what you and the government have agreed to about the guideline

23   for your case, that the Court is not bound by that agreement?

24            THE DEFENDANT:  Yes, ma'am.

25            THE COURT:  And, in fact, the Court won't be able to

1    determine what guideline applies to you until after the

2    presentence report has been written; do you understand that?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  And do you understand that after the Judge

5    does determine what guideline applies, the Judge has authority

6    in some circumstances to impose a sentence that is either more

7    severe or less severe than that called for by the guidelines?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  And do you understand that under some

10   circumstances you or the government may have the right to appeal

11   the sentence the Court imposes?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  And do you understand that parole has been

14   abolished and, if you are sentenced to prison, you won't be

15   released on parole?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  Do you understand that if the sentence is

18   more severe than you expect, you will still be bound by the plea

19   and will have no right to withdraw it?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  All right.  Mr. Gordon, please state what

22   you would be prepared to prove at trial with respect to

23   Mr. Bones's activity as it relates to Count 2.

24        And, Mr. Bones, please listen carefully because I am going

25   to ask you questions after Mr. Gordon is finished.

1          MR. GORDON:  Thank you, Your Honor.  On June 4, 2008,

2     members of the first judicial drug task force executed a state

3     search warrant on a residence located at 112 Mockingbird Lane in

4     Holly Grove, Arkansas.  As officers approached the residence,

5     codefendant Alonzo Hampton was detained coming out of the house.

6     Inside the house officers found the defendant, Ldonpatrick

7     Bones, in the living area with an unindicted male.  A loaded

8     .40-caliber handgun was found on the kitchen counter, and

9     Mr. Bones was found to have $3200 in cash on him.

10         A search of the house revealed the following:  A blue

11     travel bag on the chair containing 1,585.9 grams of marijuana in

12     multiple little baggies; a Crown Royal bag and Glad box on the

13     kitchen table containing 39.5 grams of marijuana; a box in one

14     of the bedrooms containing 2,153.7 grams of marijuana; and in

15     the kitchen drawer officers found 46.78 grams of cocaine

16     hydrochloride, 5.8628 grams of cocaine base, 81.1 grams of

17     marijuana, and 6 ecstasy pills.  Throughout the residence

18     officers found various bills, mail, and other paperwork in the

19     name of Mr. Bones.  They also located a driver's license, Social

20     Security card, and other paperwork in codefendant Hampton's

21     name.

22          THE COURT:  Mr. Bones, you have heard what Mr. Gordon

23     says that he could prove with respect to your activity as it

24     relates to Count 2.  Now, is what he said about what you did

25     substantially correct?

1    THE DEFENDANT:  Yes, ma'am.

2    THE COURT:  And how do you plead to Count 2 of the

3    indictment, guilty or not guilty?

4    THE DEFENDANT:  Guilty.

5    THE COURT:  I accept your guilty plea, and I find that

6    you actually committed this offense as charged in the

7    indictment.  I further find that you are entering your guilty

8    plea voluntarily with full knowledge of the consequences, and I

9    will refer you to the probation office for the presentence

10   interview.  You have a right to have Mr. Buie with you.  In

11   other words, you have a right to counsel during that interview.

12   I know that you are detained, and even if you were not

13   detained, I would have to detain you at this time because you

14   have now been convicted of an offense under the Controlled

15   Substances Act, the maximum term of imprisonment for which

16   exceeds 10 years.  And so I am supposed to detain people who are

17   convicted under that statute.

18   So are there any other matters that we need cover at this

19   time?

20   MR. GORDON:  Your Honor, Ms. Whatley would hurt me if

21   don't ask that the forfeiture be placed on the record.

22   THE COURT:  All right.  I will place the forfeiture on

23   the record, and then at sentencing we will have to remember that

24   as well.

25   MR. GORDON:  And I would ask the Court to dismiss

1    Counts 1, 3, 4, 5, 6, and Forfeiture Allegation 2 of the

2    indictment against Mr. Bones.

3           THE COURT:  That is granted, and the plea agreement --

4    and I am sorry I forgot to ask you to do that.  The plea

5    agreement will be filed.  The addendum will be filed under seal.

6    And I guess that's it unless there is something else we need to

7    cover.

8           MR. BUIE:  We don't have anything further, Your Honor.

9           MR. GORDON:  Nothing, Your Honor.  Thank you.

10          THE COURT:  All right.  Thank you.  You're excused.

11      (Proceedings adjourned at 11:18 a.m.)

12                     C E R T I F I C A T E

13      I, Cheryl Bartnett Nelson, Official Court Reporter, do

14   hereby certify that the foregoing is a true and correct

15   transcript of proceedings in the above-entitled case.

16

17   /s/ Cheryl B. Nelson, RPR, CRR, CCR   Date:  February 21, 2011
        United States Court Reporter

18

19

20

21

22

23

24

25